MOON BROTHERS, INC., *v.* EQUIPMENT FINANCE
CORPORATION.

1. Equity—Transfer to Law Side of Court—Pleading—Money
Decree—Injunction.

Where plaintiff asked for equitable relief by way of cancella-
tion of contract, accounting, and injunction, and received
equitable relief by securing and continuing in force temporary
injunction, and finally accounting was had, its motion to.
transfer cause to law side of court on ground that, as case
then stood, nothing except money decree was sought, was
properly denied.

2. Estoppel—Pleading—Affirmative Relief—Equity.

Where, in suit for accounting and other relief, plaintiff secured
continuance of temporary injunction by paying into court sum
of money under order of court providing that it was to be
held until hearing on merits, and, after final decree, to be
paid to parties in accordance therewith, plaintiff, for whose
benefit said order was made, may not complain that defend-
ant is not entitled to money decree because its pleading did
not include prayer for affirmative relief.

Appeal from Wayne; Dehnke (Herman), J., pre-
siding. Submitted June 12, 1931. (Docket No. 52,
Calendar No. 35,745.) Decided October 5, 1931.

Bill by Moon Brothers, Inc., a Michigan corpora-
tion, against Equipment Finance Corporation, a
foreign corporation, for an accounting and other
relief. Decree for defendant. Plaintiff appeals.
Affirmed.

*George B. Murphy* and *Frederick Miller,* for
plaintiff.

*Max Kahn (Leonard V. Pylkas,* of counsel), for
defendant.

North, J. Plaintiff, located in Detroit, was engaged in the business of buying and selling merchandise at retail, particularly electrical appliances, such as washing machines, etc. Much of its business consisted of sales on title-retaining contracts; and for the purpose of financing its business it entered into a contract with defendant whereby these title-retaining contracts were assigned to defendant, but plaintiff as defendant's agent made collections on the contracts and remitted proceeds from time to time to defendant at its Chicago office. In December, 1927, plaintiff owed defendant nearly $60,000. By mutual arrangement defendant sent some of its employees to Detroit to assist plaintiff in devising and putting into operation a more efficient and economical method of conducting plaintiff's business and also to take charge of collections on the contracts. After months of operating in this manner, plaintiff claimed defendant had not only been paid in full, but overpaid $346.66. Defendant, however, claimed plaintiff still owed it $3,466.05; and threatened to notify plaintiff's purchasers not to make payments to it, and to demand and enforce payments direct to defendant upon the contracts plaintiff had theretofore assigned and delivered to defendant. Plaintiff thereupon filed this bill of complaint setting up its claim that defendant was paid in full, prayed cancellation of its contract with defendant, also for repayment to it of the claimed $346.66 overpayment, which relief required an accounting, and that defendant be enjoined pending this suit from making collections on outstanding contracts.

Defendant answered, and moved to dissolve the temporary injunction which had been issued. Dissolution of the injunction was denied, but upon conditions which resulted in plaintiff paying to the clerk

of the court $4,500 to be held by the clerk subject to disposition under the terms of the final decree. Thereafter plaintiff moved to have the cause transferred to the law side of the court (3 Comp. Laws 1929, § 14008) on the ground that as the case then stood nothing except a money decree was sought. The motion was denied and upon hearing a decree rendered requiring payment of $2,548.12 by plaintiff to defendant. Plaintiff has appealed. It claims the equity court had no jurisdiction, and that plaintiff's motion to transfer the cause to the law side of the court was wrongfully denied.

By its bill of complaint plaintiff asked for equitable relief by way of cancellation, accounting, and injunction. It received equitable relief by securing and continuing in force a temporary injunction, and finally by the accounting necessitated incident to the adjudication of rather intricate relations which had developed in the affairs of these litigants. The motion to transfer the cause was properly denied. *Barney* v. *Barney*, 216 Mich. 224.

Appellant also asserts that affirmative relief should not have been granted defendant because its pleading does not include a cross-bill with a prayer for affirmative relief. After specifically covering each paragraph of the bill of complaint defendant added to its answer affirmative allegations setting forth contractual relations between these parties under which plaintiff was alleged to have become indebted to defendant in an amount in excess of $5,000. The answer contains no prayer for affirmative relief, but, if deemed necessary, we would be disposed under the circumstances of the instant case to allow the defendant to amend its cross-bill by adding such a prayer. But we deem an amendment unnecessary because as a condition of per-

petuating its temporary injunction plaintiff caused
$4,500 to be paid to the clerk of the court under an
order providing that this amount was to "be held
by the clerk of this court until the hearing of said
cause on the merits and that after a final decree in
said cause, the said monies be paid out to the par-
ties hereto in accordance with said decree." This
is exactly what was done by the terms of the final
decree; and plaintiff, for whose benefit the above
order was made, may not now complain. The decree
is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD,
POTTER, SHARPE, and FEAD, JJ., concurred.